UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ERBEY FLORES, § § Plaintiff, § VS. § CRYSTAL TREVINO, *et al*, § § Defendants. § | § § § CIVIL ACTION NO. 2:13-CV-298 § § § § |

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND COMPLAINT

Pending is Plaintiff's motion for leave to amend his complaint to add additional claims against Defendant Trevino (D.E. 28). No response was filed. The motion is granted in part and denied in part.

Amendments before trial are governed by Rule 15(a) of the Federal Rules of Civil Procedure. A party may amend its pleading once as a matter of course within 21 days after serving it. FED. R. CIV. P. 15(a)(1)(A). In all other cases a party may amend its pleading only with the opposing party's written consent or the court's leave. FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*

Determining when justice requires permission to amend rests within the discretion of the court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795 (1971); *Nilson v. City of Moss Point, Miss,* 621 F.2d 117, 112 (5th Cir. 1980). The district court need not grant leave to amend if the amendment(s) sought would be futile. *Central Laborer's Pension Fund v. Integrated Elec. Svcs. Inc.,* 497 F.3d 546, 556 (5th Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962)).

In this excessive force case, Plaintiff alleges that Defendant-TDCJ Officer Trevino was upset with him, and intentionally slammed the prison cell door on Plaintiff's hand, injuring it. Plaintiff now seeks to add a claim of deliberate indifference to his serious medical needs, claiming that Defendant Trevino refused to take him to the medical department even though his hand was bleeding and swelling and he was requesting medical attention (D.E. 28). But Plaintiff admitted during the evidentiary hearing that he was taken to medical a short time later, and he stated at that time that he was making no complaint for failing to be provided medical care (D.E. 21 at 18). Even if it was not Defendant Trevino who took him to medical, Plaintiff was not further injured due to any delay in being taken to medical. His request for leave to amend to add a deliberate indifference claim against Defendant Trevino would be futile, and is DENIED.

Plaintiff also requests leave to add a due process claim against Defendant Trevino because she filed a false disciplinary case against him. This request is also futile and is denied. According to Plaintiff, he was convicted of the disciplinary offense, he filed a grievance, and the Warden agreed with him and dismissed the disciplinary conviction (D.E. 21 at 12). He exercised his right under the grievance procedures to object to the conviction and by exercising his right to this process, the conviction was dismissed. Even if the disciplinary conviction had not been reversed, Plaintiff did not lose any good time credits, and so he had no due process rights in the punishment imposed. *See Sandin v. Conner*, 515 U.S. 472, 483-484 (1995); *Luken v. Scott*, 71 F.3d 192 (5th Cir. 1995)(*citing Meachum v. Fano*, 427 U.S. 215, 229, n. 8 (1976)); *Harper v. Showers*, 174

F.3d 716, 719 (5th Cir. 1999)(citing *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998));

*See also Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000).

  Finally, Plaintiff seeks to add a claim of negligence against Defendant Trevino. Defendant Trevino filed no response to Plaintiff's motion, and according to the Local Rules in the Southern District of Texas, failure to file a response to a motion is taken as a representation that a party is unopposed to the granting of the relief requested. LR7.4. No authority preventing such a claim was found. Defendant Trevino failed to respond and cite any authority. Plaintiff's motion is granted, and he is permitted to add a negligence claim against the Defendant Trevino. The court recognizes that the negligence claim is inconsistent with Plaintiff's claim that Defendant Trevino's actions were intentional and intended to cause him harm; thus the pleading is allowed in the alternative. Defendant Trevino is free to challenge this claim in a Rule 12(b) motion or at the dispositive motion phase of the case.

  ORDERED this 9th day of May, 2014.

              _____
              B. JANICE ELLINGTON
              UNITED STATES MAGISTRATE JUDGE