UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ERBEY FLORES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-298 |
| | § | |
| CRYSTAL TREVINO, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER GRANTING DEFENDANT TREVINO'S
MOTION TO DISMISS STATE LAW NEGLIGENCE CLAIMS**

In this § 1983 prisoner civil rights action, Plaintiff Erbey Flores alleges that

Defendant Officer Crystal Trevino used excessive force against him on March 31, 2013,

when she purposely slammed a cell door on his hand in violation of his Eighth

Amendment right to be free from cruel and unusual punishment.  (D.E. 1, 11, 14).

Plaintiff also alleges that Officer Trevino's actions constitute negligence under Texas

state law.  (D.E. 28).

Pending is Officer Trevino's motion to dismiss Plaintiff's state law negligence

claims.  (D.E. 35).  Plaintiff has not filed a response in opposition.[1]  For the reasons

stated herein, Defendant Trevino's motion to dismiss Plaintiff's state law negligence

claims is granted.

**I.      Jurisdiction.**

The Court has federal question jurisdiction over this action.  28 U.S.C. § 1331.

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

II.     **Background facts and proceedings.**

A.      **March 31, 2013 incident.**

The facts of this case are detailed in the December 10, 2013 Memorandum and Recommendation and need not be repeated herein.[2]  (*See* D.E. 15).  It is enough to know that on March 31, 2013, the McConnell Unit was on lockdown, and Officer Trevino was passing out johnnie sacks for the evening meal.  Words were exchanged between Plaintiff and Officer Trevino, and Officer Trevino left the area without giving Plaintiff a meal.  After some time, Officer Trevino returned with a meal for Plaintiff.  Defendant Trevino ordered Plaintiff to stop talking and began to open the cell door.  As the cell door was opening, Plaintiff reached with his left hand to grab the johnnie sack meal from Officer Trevino.  Officer Trevino responded by slamming the cell door, hitting and injuring Plaintiff's left hand.  Plaintiff went to the sink in his cell and ran cold water over his hand, and wrapped it in a cloth.  He told Officer Trevino that he needed medical attention.  For five to six minutes, Defendant Trevino told Plaintiff that, if he wanted to eat, he needed to sit on his bunk; Plaintiff responded that he wanted to go to medical for his injured hand.   After approximately seven minutes of this exchange, Sergeant Moreno arrived, observed that Plaintiff's hand was swollen and bleeding, and he gave Plaintiff a pass to medical.

The next day, Officer Trevino wrote Plaintiff a disciplinary case for failure to obey an order.  In turn, Plaintiff filed grievances about the incident.  Warden Barber reviewed

---

[2] *See also* D.E. 21, Transcript of December 5, 2012 *Spears* evidentiary hearing.

a videotape of the incident and concluded that Officer Trevino had in fact slammed the cell door on Plaintiff's hand and the disciplinary case against Plaintiff was dismissed.

On July 16, 2013, Plaintiff went to Hospital Galveston for evaluation of bilateral carpel tunnel syndrome not associated with the incident.  However, Plaintiff maintains that because of the door slamming incident, he suffered "neurological damage" that adversely affects his left-hand strength.

### B.      Procedural background.

On September 26, 2013, Plaintiff filed his original complaint. (D.E. 1).  A *Spears*[3] hearing was conducted on December 5, 2013, following which Plaintiff's excessive force claim against Officer Trevino in her individual capacity was retained, and all other claims were dismissed.  (*See* D.E. 15, 18).

On April 7, 2014, Plaintiff filed a motion for leave to file an amended complaint. (D.E. 28).  On May 9, 2014, Plaintiff's motion for leave to amend was denied as to his request to add an Eighth Amendment claim of deliberate indifference to his serious medical needs against Officer Trevino, as was his request to add a due process claim based on his allegation that Officer Trevino filed a false disciplinary report against him. However, Plaintiff was granted leave to file a state law negligence claim against Officer

---

[3] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985)*; see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

Trevino, primarily because Officer Trevino did not file a response objecting to the

proposed amendment.  (See D.E. 31, p. 3).

## III.    Defendant Trevino's Motion to Dismiss.

As noted above, Plaintiff was granted leave to amend his complaint to allege state

law negligence claims against Officer Trevino.  (D.E. 31).  Officer Trevino moves to

dismiss Plaintiff's state law negligence claims pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure on the grounds that, because Defendant Trevino was acting

within the course and scope of her employment with the TDCJ at the time of the incident,

any claim against her in her individual capacity for negligence is barred and must be

dismissed pursuant to the Texas Civil Practice & Remedies Code § 101.106(f), and

*Franka v. Velasquez,* 332 S.W.3d 367, 369-85 (Tex. 2011).

Plaintiff has alleged a claim of negligence against Officer Trevino pursuant to the

Texas Tort Claims Act ("TCAA").  The Election of Remedies provision of § 101.106 of

the TTCA provides that:

> If a suit is filed against an employee of a governmental unit
> based on the conduct within the general scope of that
> employee's employment and if it could have been brought
> under this chapter against the governmental unit, the suit is
> considered to be against the employee in the employee's
> official capacity only.  On the employee's motion, the suit
> against the employee shall be dismissed unless the plaintiff
> files amended pleadings dismissing the employee and naming
> the governmental unit on or before the 30th day after the
> motion is filed.

Tex. Civ. Prac. & Rem. Code § 101.106(f).

The phrase "under this chapter" in § 101.106(f) includes "any suit in which the plaintiff alleges a common law tort claim, regardless of whether the TTCA waives immunity for the claim." *Franka v. Velasquez,* 332 S.W.3d 367, 379 (Tex. 2011). Indeed, the Texas Supreme Court has explicitly held that a suit "is brought under the [TTCA] when it is filed, not when waiver of immunity by the Act is established." *Franka,* 332 S.W.3d at 379. In *Franka,* the Texas Supreme Court explained that the TTCA's § 101.106(f) was intended "to foreclose suit against a government employee in his individual capacity if he was acting within the scope of employment." *Franka,* 332 S.W.3d at 381. The Texas Supreme Court reasoned that, in waiving governmental immunity for the governmental unit, "the legislature correspondingly sought to discourage or prevent recovery against an employee." *Id.* at 384. Under the *Franka* rule, all tort claims, including intentional torts, "could have been brought" against the governmental unit, regardless of whether the governmental unit's immunity from suit is expressly waived by the TTCA for those claims. *Id.* at 385. *See also Fontenot v. Stinson,* 369 S.W.3d 268, 271- 272 (Tex. App.-Houston [14th Dist.] 2011, pet. filed) (finding that *Franka* mandates the dismissal of a suit against a government employee acting within the scope of his or her employment and sued in his or her individual capacity under § 101.106(f) even if the governmental employer's immunity is not waived by the TTCA).

Plaintiff has not challenged Officer Trevino's assertion that she was acting within the scope of her employment on March 31, 2013. "[C]laims brought against a public official acting within the general scope of [his or her] employment [are] considered to be against the officer in [his or her] official capacity only." *Franka,* 332 S.W.3d at 381.

Officer Trevino filed her motion to dismiss Plaintiff's TTCA claim on May 15, 2013. (See D.E. 35, p. 1).  Plaintiff did not file a motion to substitute in the TDCJ or the State of Texas within the thirty-day deadline of § 101.106(f), and regardless if he had done so, Officer Trevino is still entitled to dismissal of Plaintiff's TTCA claims against her.

## IV.    Conclusion.

Officer Trevino was acting within the scope of her employment as a TDCJ correctional officer at the time of the door-slamming incident.  Pursuant to the TTCA § 101.106(f), Plaintiff's state law tort claims against Officer Trevino are against Officer Trevino in her official capacity only, and as such, could have been brought against the State of Texas, regardless of the fact that the TCCA does not waive sovereign immunity. Accordingly, Plaintiff cannot maintain a state law negligence action against Officer Trevino, and Plaintiff's failure to respond to Officer Trevino's Motion to Dismiss is further evidence that Plaintiff concedes this point.  Accordingly, Officer Trevino's motion to dismiss Plaintiff's TTCA claims against her (D.E. 35) is GRANTED, and Plaintiff's state law negligence claims against Defendant Trevino are dismissed with prejudice.  The remaining claim in this lawsuit is Plaintiff's § 1983 excessive force claim for damages against Officer Trevino in her individual capacity only.

ORDERED this 30th day of June, 2014.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE