UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ERBEY FLORES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-298 |
| | § | |
| CRYSTAL TREVINO, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER ON MOTION FOR
## DENIAL OF QUALIFIED IMMUNITY

In this lawsuit, Plaintiff claims that Defendant Trevino deliberately slammed the prison cell door on his hand, causing injury to it (D.E. 1, 11, 14, 15, 18, 31). Defendant Trevino filed her answer, asserting the defense of qualified immunity (D.E. 20). Plaintiff has filed a pleading titled "Plaintiff's Request for Denial of Qualified Immunity," arguing that the Court should deny the defense of qualified immunity to the Defendant (D.E. 30).

To the extent Plaintiff intended to file a reply pleading to the Defendant's answer, the motion is granted, and his pleading will be treated as a reply to Defendant Trevino's answer. But to the extent that Plaintiff intended to request summary judgment that Defendant Trevino is not entitled to qualified immunity, his motion is denied without prejudice.

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The usual summary judgment burden of proof is altered in the case of a qualified immunity defense. *See Milchalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). When a government official has pled the defense of qualified immunity, the burden is on the plaintiff to establish that the official's conduct violated clearly established law. *Id.* Plaintiff cannot rest on his pleadings; instead, he must show a genuine issue of material fact concerning the reasonableness of the official's conduct. *Bazen v. Hidalgo County,* 246 F.3d 481, 490 (5th Cir. 2001).

Here, Plaintiff relies only on his pleadings. There is no evidence before the court demonstrating an absence of a genuine issue of material fact. He has not met his burden. Plaintiff's construed motion for summary judgment on the pleadings (D.E. 30) is denied without prejudice.

ORDERED this 2nd day of July, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE