UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ERBEY FLORES, | § | |
| | § | |
|     Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-298 |
| | § | |
| CRYSTAL TREVINO, *et al*, | § | |
| | § | |
|     Defendants. | § | |

## ORDER ADOPTING, AS MODIFIED, MEMORANDUM AND RECOMMENDATION

Pending before the Court are Defendant's Motion for Summary Judgment (D.E. 39), Plaintiff's Counter-Motion for Summary Judgment (D.E. 48), and Plaintiff's Motion for Sanctions (D.E. 45). On October 3, 2014, United States Magistrate Judge B. Janice Ellington issued her Memorandum and Recommendation (M&R) (D.E. 50) recommending that the Court deny Plaintiff's sanctions motion as well as both parties' summary judgment motions and that this case proceed to trial on Plaintiff's excessive force claim. D.E. 50. The Court received Plaintiff's timely-filed objections (D.E. 50, 52) on October 22, 2014. The objections are set out and discussed below.

First, Plaintiff objects to the Magistrate Judge's statement that witness Jocobi Scrogguine observed Plaintiff's cellmate cleaning blood from the cell floor soon after the alleged excessive force incident. D.E. 52, p. 1. As Plaintiff correctly points out, witness Scrogguine stated in his affidavit that he saw the Defendant cleaning the blood and not the Plaintiff's cellmate as the M&R states. D.E. 48-3, p. 23. Consequently, Plaintiff's objection is **SUSTAINED** and this fact is corrected.

This correction of the facts, however, does not affect the recommendation of the Magistrate Judge. Nothing about the legal issues presented for decision requires establishing the identity of the person who cleaned the blood. There is no dispute that there was blood at the scene and that it was cleaned. The Court finds that the issue of who cleaned the blood is not material to the analysis of the pending motions and, therefore, the error in the M&R is harmless.

Second, Plaintiff objects to the Magistrate Judge's conclusion that Defendant and Sergeant Alex Moreno's alleged romantic involvement has no bearing on his claim. D.E. 52, p. 1. Plaintiff argues that Sgt. Moreno failed to report the alleged excessive force incident as a favor to Defendant. D.E. 52, p. 1. The Court finds no error in the Magistrate Judge's conclusion. Sgt. Moreno's post-incident conduct and motivations are irrelevant and immaterial to the Defendant's state of mind when she slammed the cell door on Plaintiff's hand. As such, Plaintiff's second objection is **OVERRULED**.

In his third objection, Plaintiff argues that the Magistrate Judge should have reviewed his sanctions motion independently from the motions for summary judgment. The Court finds no error in the manner in which the Magistrate Judge disposed of the Plaintiff's motion. D.E. 50, p. 50 n.5. Plaintiff's third objection is **OVERRULED**.

Plaintiff's fourth objection reurges his argument that Defendant should be sanctioned pursuant to Rule 37(b) of the Federal Rules of Civil Procedure. Plaintiff argues that the Magistrate Judge failed to mention his strongest evidence: a conversation he had with Use of Force (UOF) Coordinator Deborah Garza, UOF policy pertaining to the handling of surveillance videos, and the witness testimony of Lieutenant Denise S.

Morales.  D.E. 52, p. 2.  Plaintiff believes that this evidence "is strong proof that the defendant (with the assistance [of] other named individuals) are refusing to produce and/or are attempting to spoil the [surveillance] video, thereby showing intentional and bad faith in doing so."  D.E. 52, p. 2.

Plaintiff's objection fails to address the Magistrate Judge's conclusion that there is no evidence that the Defendant herself failed to produce or spoiled evidence within her control.  D.E. 50, p. 11 n.5.  *See Dorsey v. Academy Moving & Storage, Inc.*, 423 F.2d 858, 860 (5th Cir, 1970) ("[Rule 37(b)] sanctions are not predicated upon a party's failure to satisfy fully the requirements of a production order when the failure was due to inability fostered neither by its own conduct nor by circumstances within its control.") (citations and internal quotation marks omitted).

Plaintiff seems to suggest that "other unnamed individuals" should be sanctioned for refusing to produce or attempting to spoil the surveillance video.  D.E. 52, p. 2.  "Rule 37(b)(2) is clearly directed to *party* failure to comply with discovery orders . . . ." *Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.*, 2 F.3d 1397, 1411 (5th Cir. 1993) (emphasis added).  *See also Batson v. Neal Spelce Ass'n, Inc.*, 765 F.2d 511, 514 (5th Cir. 1985) ("It is firmly established that a district court is authorized under Fed. R. Civ. P. 37(b)(2)(C) to dismiss a complaint with prejudice when *a party* refuses to obey a valid discovery order.") (emphasis added).  "When a party's deplorable conduct is not effectively sanctionable pursuant to an existing rule of statute, it is appropriate for a district court to rely on its inherent power to impose sanctions."  *Carroll v. The Jaques Admiralty Law Firm, P.C.*, 110 F.3d 290, 292 (5th Cir. 1997) (citations omitted).

However, as the Fifth Circuit has stated, "it is unclear whether the inherent power to sanction discovery abuses extends to abuses committed by non-parties." *Natural Gas*, 2 F.3d at 1411 (collecting cases). Accordingly, under the facts of this case, the Court declines to impose sanctions on a non-party—the Texas Department of Criminal Justice as custodian of the surveillance video. Plaintiff's fourth objection is **OVERRULED**. This decision does not preclude Plaintiff from seeking to introduce evidence of the viewing of and the failure to preserve the videotape at trial.

Finally, Plaintiff's fifth objection challenges the Magistrate Judge's conclusion that there is a genuine issue of material fact pertaining to Defendant's state of mind. Plaintiff argues that "he has provided evidence that is so one-sided that . . . he should be entitled to judgment as a matter of law" that "the Defendant acted maliciously and sadistically for the sole purpose to cause pain/or harm." D.E. 52, pp. 3-4. The Court finds no error in the Magistrate Judge's conclusion that a factual dispute remains as to Defendant's state of mind. D.E. 50, p. 22. In drawing all justifiable inferences in favor of the party opposing the motion as required by law,[1] the Court finds that a reasonable jury could return a verdict for the Defendant based on her argument that she was in "fear that [Plaintiff] would exit the cell" and slammed the cell door "without taking even a second to think or check for the offender's hand . . . ." D.E. 39-4, pp. 3. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). As a result, Plaintiff's fifth objection is **OVERRULED**.

---

[1] *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's M&R to which objections were specifically directed, this Court **SUSTAINS** Plaintiff's first objection, **OVERRULES** Plaintiff's remaining objections, **DENIES** Plaintiff's Motion for Sanctions (D.E. 45) and, as modified, **ADOPTS** as its own the findings and conclusions of the Magistrate Judge (D.E. 50). Accordingly, both Motions for Summary Judgment (D.E. 39, 48) are **DENIED**. Plaintiff may proceed to trial on his excessive force claim against the Defendant.

ORDERED this 12th day of January, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE