UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ERBEY FLORES, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:13-CV-298 |
| § | |
| CRYSTAL TREVINO, *et al*, § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER DENYING
## DEFENDANT'S § 1915(g) MOTION TO DISMISS

In this prisoner civil rights action, Plaintiff was granted leave to proceed *in forma pauperis* (i.f.p.), effectively allowing him to pay the civil filing fee over time. (*See* D.E. 9, 10). Defendant has filed a motion to dismiss the lawsuit and/or revoke Plaintiff's i.f.p. status arguing that he is a three-strikes litigant that has lost the privilege of proceeding i.f.p. unless he is in imminent danger. (D.E. 58). Plaintiff has filed a response in opposition and Defendant filed a reply (D.E. 60, 62, 63). For the reasons stated herein, Defendant's motion is denied.

### I.   JURISDICTION.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

### II.   PROCEDURAL BACKGROUND.

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and he is currently confined at the McConnell Unit in Beeville, Texas.

1 / 5

On September 26, 2013, Plaintiff filed the instant lawsuit against Officer Crystal Trevino and Sergeant Alex Moreno alleging that, on March 31, 2013, Officer Trevino used excessive force against him and Sergeant Moreno failed to protect him, in violation of his Eighth Amendment right to be free from cruel and unusual punishment. (D.E. 1, p. 13). On October 28, 2013, Plaintiff filed an amended complaint alleging that he was seeking monetary damages in the amount of $50,000.00 against each Defendant. (D.E. 11). On November 26, 2013, Plaintiff filed a supplement to his complaint detailing his prior litigation history. (D.E. 14).

On December 5, 2013, a *Spears*[1] hearing was conducted, following which, Plaintiff's claims against Sergeant Moreno were dismissed with prejudiced as were his claims for monetary damages against Officer Trevino in her official capacity. (D.E. 15, 18). Plaintiff's excessive force claim against Defendant Trevino in her individual capacity was retained, and service ordered on this Defendant. (D.E. 16).

On January 23, 2014, Defendant filed her Answer to Plaintiff's Amended Complaint and raised the defense of qualified immunity. (D.E. 20). On April 23, 2014, Plaintiff filed a motion to deny Defendant's qualified immunity defense. (D.E.30). On May 15, 2014, Defendant filed an Amended Answer (D.E. 34) and a Rule 12(b)(6) motion to dismiss. (D.E. 35).

On July 2, 2014, the Court construed Plaintiff's motion to deny Defendant's qualified immunity defense as a motion for summary judgment and denied it without prejudice. (D.E. 37).

---

[1] *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985).

On July 25, 2014, Defendant filed a motion for summary judgment to dismiss Plaintiff's excessive force claim against her, (D.E. 39), to which Plaintiff filed a cross-motion for summary judgment. (D.E. 48). On October 3, 2014, the magistrate judge recommended that the cross-motions for summary judgment be denied finding that there was a genuine issue of material fact as to whether Officer Trevino slammed Plaintiff's cell door in a good faith effort to maintain and restore discipline or instead, wantonly and maliciously to cause Plaintiff physical injury. (D.E. 50). On January 12, 2015, the Court adopted the recommendation. (D.E. 54).

On March 25, 2015, Plaintiff filed a motion for appointment of counsel, (D.E. 57), and counsel was appointed on April 3, 2015 (D.E. 59).

On April 2, 2015, Defendant filed the instant § 1915(g) motion to dismiss. (D.E.58). On April 17, 2015, Plaintiff filed a pro se response to Defendant's § 1915(g) motion to dismiss. (D.E. 60). On May 1, 2015, Plaintiff then filed, through counsel, his supplemental response in opposition to Defendant's § 1915(g) motion to dismiss. (D.E. 62).

## III.  THREE STRIKES RULE.

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act (PLRA), including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that any prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, is prohibited from bringing any more actions or appeals *in*

*forma pauperis*. 28 U.S.C. § 1915(g); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. *Id.*

### IV.   PLAINTIFF'S THREE-STRIKES STATUS ON SEPTEMBER 26, 2013.

When Plaintiff filed the instant lawsuit on September 26, 2013, he had acquired two strikes against him pursuant to 28 U.S.C. § 1915(g). *See Flores v. Shavers, et al.,* USCA No. 96-41038 (5th Cir. Oct. 21, 1997) (D.E. 58-1, pp. 2-3) and *Flores v. Becker, et al.,* Case No. 3:97-cv-621 (S.D. Tex. Oct. 1, 1999) (D.E. 58-2, pp. 2-3). In his motion to dismiss, Defendant Trevino identifies a third case in which certain of Plaintiff's claims were dismissed as frivolous at screening. *See Flores v. TDCJ-CID, et al.,* Case No. 9:95-cv-060 (E.D. Tex. Mar. 29, 1999) (D.E. 58-3, pp. 2-14). Defendant argues that the dismissal of those claims should count as a strike; however, this is not the law in the Fifth Circuit.

When an inmate's lawsuit contains both frivolous and meritorious claims, the fact that some claims are dismissed at screening while others are not does not result in a "strike" for purposes of § 1915(g). *See Mayfield v. Texas Dep't of Criminal Justice,* 529 F.3d 599, 617 (5th Cir. 2008). Indeed in *Mayfield,* the Fifth Circuit reversed the district court's imposition of a § 1915(g) strike after vacating some, but not all, of the district court's dismissals of the plaintiff's claims for failure to state a claim. *Id.* at 617. *See also Wagner v. Campuzano,* 562 F. App'x 255, 256 (5th Cir. 2014) (per curiam) (reversing district court's imposition of strike after vacating district court's dismissal of some, but

not all claims). Under an "obvious reading of the statute," a strike is incurred "for an action dismissed *in its entirety* on one or more of the enumerated grounds." *Turley v. Gaetz*, 625 F.3d 1005, 1008-09 (7th Cir. 2010) (emphasis added).

In this case, Plaintiff's lawsuit against the TDCJ is not counted as a "strike" on the TDCJ's three-strikes website.[2] *Flores v. Shavers, et al.* and *Flores v. Becker, et al.* are the only cases listed. Plaintiff has not incurred a third strike. Accordingly, Defendant's motion to dismiss pursuant to § 1915(g) is denied.

V.   **CONCLUSION.**

For the reasons stated herein, Defendant's motion to dismiss (D.E. 58) is DENIED. A trial schedule will be entered by separate order.

ORDERED this 29th day of May, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

---

[2] *See* http://156.124.4.123/ThreeStrikes/f3.htm.